Slip Op. 16-32

## UNITED STATES COURT OF INTERNATIONAL TRADE

SHANDONG RONGXIN IMPORT &
EXPORT CO., LTD.,

     Plaintiff,

v.

UNITED STATES,

     Defendant,

AND

DIXON TICONDEROGA COMPANY,

     Defendant-Intervenor.

Before: Nicholas Tsoucalas,
     Senior Judge

Court No. 15-00151

## OPINION AND ORDER

[Commerce's final results in antidumping administrative review are remanded.]

Dated: April 5, 2016

John J. Kenkel, Gregory S. Menegaz, J. Kevin Horgan, and Judith Holdsworth, deKieffer & Horgan, PLLC, of Washington DC, for plaintiff.

Robert M. Norway, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington DC, for defendant. With him on the brief were Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Jeanne E. Davidson, Director, Patricia M. McCarthy, Assistant Director, and Erica A. Hixon, Trial Counsel. Of counsel on the brief was Amanda T. Lee, Office of the Chief Counsel for Trade Enforcement and Compliance, U.S. Department of Commerce, of Washington DC.

Felicia Leborgne Nowels and Sheryl D. Rosen, Akerman LLP, of Tallahassee, FL, for defendant-intervenor.

**Tsoucalas**, **Senior Judge:**   Plaintiff, Shandong Rongxin Import & Export Co., Ltd., ("Shandong") contests Commerce's Final Results of the Antidumping Duty Administrative Review on Certain Cased pencils from the People's Republic of China ("PRC"), Certain Cased Pencils From the PRC, 80 Fed. Reg. 26,897 (Dep't Commerce May 11, 2015) (Final Results of the Antidumping Duty Administrative Review) ("Final Results"); Issues and Decision Memorandum for the Final Results of Antidumping Duty Administrative Review: Certain Cased Pencils from the PRC; 2012-2013, A-570-827, (Apr. 30, 2015) ("I&D Memo"); Pl.'s Rule 56.2 Mot. for J. Upon the Agency R., Aug. 28, 2015, ECF No. 24 ("Pl's Br."). Defendant, United States Department of Commerce ("Commerce"), and Defendant-Intervenor, Dixon Ticonderoga Company ("Dixon"), oppose Shandong's Motion. Def.'s Opp'n, Dec. 18, 2015, ECF No. 30; Def-Inter. Opp'n, Dec. 18, 2015, ECF No. 34. For the following reasons, Commerce's Final Results are remanded.

## BACKGROUND

Shandong is an exporter of pencils from the PRC whose pencils are subject to an Antidumping Duty Order. Final Results, 80 Fed. Reg. at 26,897. On December 20, 2013, Dixon filed a request for administrative review of Shandong. Req. for Administrative Review, PR 1 (Dec. 20, 2013) ECF No. 27 (Sept. 4,

2015) ("Req."). Dixon's request stated that "[a]s a United States importer and manufacturer of subject merchandise, Petitioner is an interested party under 19 U.S.C. § 1677(9) who may make this request for administrative review pursuant to 19 C.F.R. § 351.213(b)." Id. at 1. The request was accompanied by a company certification, signed by Dixon's Chief Executive Officer ("CEO"), Timothy Gomez, which stated that the information contained in the submission is accurate. Id. at 3. On February 3, 2014, Commerce initiated an administrative review of Shandong. I&D Memo at 2. During the review, Shandong argued that, first, Commerce's initiation of the review of Shandong was void ab initio, because Dixon failed to claim that it was a domestic interested party, that is, a U.S. manufacturer of pencils during the period of review, and second, Shandong deserves a separate rate, because it can demonstrate the absence of government control, both in law (de jure) and in fact (de facto). Pl. Br. at 3, 20-37.

In the Final Results, Commerce found that there is no evidence "on the record that undermines or calls into question Dixon's certification [that it is an interested party]." I&D Memo comment 2 at 9.

## JURISDICTION AND STANDARD OF REVIEW

The Court has jurisdiction over this action pursuant to Section 201 of the Customs Courts Act of 1980, 28 U.S.C. § 1581(c) (2012), and Section 516A(a)(2)(A)(i) of the Tariff Act of 1930, 19 U.S.C. § 1516a(a)(2)(A)(i)(I) (2012).[1]

The Court will hold unlawful Commerce's determinations that are unsupported by substantial evidence on the record, or not otherwise in accordance with law.  19 U.S.C. § 1516a(b)(1)(B)(i). To determine whether Commerce's interpretation and application of the statute is "in accordance with law," the courts review the statute to determine whether "Congress has directly spoken to the precise question at issue." Chevron U.S.A. Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837, 842 (1984). "To ascertain whether Congress had an intention on the precise question at issue, we employ the 'traditional tools of statutory construction.'" Timex V.I., Inc. v. United States, 157 F.3d 879, 882 (Fed. Cir. 1998) (citing Chevron, 467 U.S. at 843 n.9). The tools of statutory construction "include the statute's structure, canons of statutory construction, and legislative history." Id.  If the Court determines that the statute is silent or ambiguous with respect to

---

[1] Further citations to the Tariff Act of 1930 are to the relevant portions of Title 19 of the U.S. Code, 2012 edition, and all applicable amendments thereto.

the specific issue, the question then becomes what level of deference is owed Commerce's interpretation, the traditional second prong of the Chevron analysis. Chevron, 467 U.S. at 842-43.  See United States v. Mead Corp., 533 U.S. 218, 228 (2001). "Chevron deference is afforded to Commerce's statutory interpretations as to the appropriate methodology . . . ." Pesquera Mares Australes Ltda. v. United States, 266 F.3d 1372, 1379 (Fed. Cir. 2001).  Under Chevron, "if the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute." Chevron, 467 U.S. at 843.  A "permissible" construction under Chevron is understood in terms of reasonableness; only reasonable interpretations will be upheld by the Court. See Koyo Seiko Co., Ltd. v. United States, 36 F.3d 1565, 1573 (Fed. Cir. 1994)("Chevron requires us to defer to the agency's interpretation of its own statute as long as that interpretation is reasonable.").  To determine reasonableness, the Court looks to the express terms of the statute, the objectives of the statute, and the objectives of the statutory scheme as a whole.  Wheatland Tube Co. v. United States, 495 F.3d 1355, 1361 (Fed. Cir. 2007).

       The Court will uphold Commerce's determination unless it is unsupported by substantial evidence on the record.  19 U.S.C.

§ 1516a(b)(1)(B)(i).  "[S]ubstantial evidence is more than a mere
scintilla. It means such relevant evidence as a reasonable mind
might accept as adequate to support a conclusion." Consol. Edison
Co. of NY v. NLRB, 305 U.S. 197, 229 (1938).   Moreover,
"substantial evidence" must be measured by the record as a whole,
"including whatever fairly detracts from the substantiality of the
evidence." Atl. Sugar, Ltd. v. United States, 744 F.2d 1556, 1562
(Fed. Cir. 1984).   Commerce's determination cannot be based on
"isolated tidbits of data which suggest a result contrary to the
clear weight of the evidence." USX Corp. v. United States, 11 CIT
82, 84, 655 F. Supp. 487, 489 (1987). "[T]he substantial evidence
standard requires more than mere assertion of 'evidence which in
and of itself justified [the . . . determination], without taking
into account contradictory evidence or evidence from which
conflicting inferences could be drawn.'" Gerald Metals Inc. v.
United States, 132 F.3d 716, 720 (Fed. Cir. 1997) (quoting
Universal Camera Corp. v. NLRB, 340 U.S. 474, 487 (1951)).

## DISCUSSION

The issue the court must first address is whether
Commerce's determination — that Dixon was a domestic interested
party with standing to request an administrative review — is
supported by substantial evidence and in accordance with law.  If

Commerce's determination was not supported by substantial evidence and in accordance with law, there is no reason to reach the second issue of whether Shandong deserves a separate rate.

Each year during the anniversary month of the publication of an antidumping duty order, a domestic "interested party" may request in writing that the Secretary conduct an administrative review "if the requesting person states why the person desires the Secretary to review those particular exporters or producers." 19 C.F.R. § 351.213(b)(1) (2013).  An interested party means "a manufacturer, producer, or wholesaler in the United States of a domestic like product." 19 U.S.C. § 1677(9)(C)(2012).

Commerce may presume standing, absent evidence to the contrary.  See Zenith Electr. Corp. v. United States, 18 CIT 1145, 1149, 872 F.Supp. 992, 996 (1994) (citing Minebea Co. v. United States, 984 F.2d 1178, 1181 (Fed. Cir. 1993)).  "[T]he burden of production of evidence to rebut standing has been allocated by the Federal Circuit to the party challenging standing." Id. at 1150 (citing Minebea, 984 F.2d at 1181).

"[T]he legislative history states that the 'standing requirements [should] be administered to provide an opportunity for relief for an adversely affected industry and to prohibit petitions filed by persons with no stake in the result of the

investigation.'"  Brother Indus. (USA), Inc. v. United States, 16

CIT 789, 793-94, 801 F. Supp. 751, 757 (1992) (citing S.Rep. No.

96-249, 96th Cong., 1st Sess. 63 (1979), U.S.Code Cong. & Admin.

News 1979, pp. 381, 449).

          Shandong argues that Dixon failed to make a claim that

it was a domestic producer during the period of review, and

therefore Dixon does not have standing to request an administrative

review. Pl.'s Br. at 10-11.  Shandong further argues that Dixon

implicitly claimed that Dixon manufactured pencils in China and

exported them to the U.S., pointing to Dixon's claim that it was

a manufacturer of "subject merchandise" in the request for review.

Id. at 13; see also 19 U.S.C. § 1677(25) (subject merchandise means

"the class or kind of merchandise that is within the scope of an

investigation, a review, a suspension agreement, an order under

this subtitle or section 1303 of this title, or a finding under

the Antidumping Act, 1921.")  An interested party means "a

manufacturer, producer, or wholesaler in the United States of a

domestic like product" under Section 1677(9)(C), not a

manufacturer of subject merchandise, as stated in Dixon's request.

19 U.S.C. §1677(9)(C); Req. at 1.  Nevertheless, Shandong failed

to present this argument in its case brief at the administrative

level and therefore the court deems the argument waived.  Pl.'s

Admin. Case Br. at 15-16, PR 48 (Jan. 30, 2015), ECF No. 27 (Sept. 4, 2015) ("Pl.'s Admin. Case Br."); See Husteel Co. Ltd. v. United States, 39 CIT ___, ___, 77 F.Supp.3d 1286, 1294 (2015).

        Commerce contends that Shandong "fails to cite any evidence that would undermine Dixon's claim that it was a domestic interested party." Def.'s Opp'n at 8; I&D Memo at 9 ("there is no evidence on the record that undermines or calls into question Dixon's certification."). The court disagrees. During the review, Shandong provided evidence that Dixon's affiliated Chinese exporter, Beijing Fila Dixon Stationary Company, Ltd., produces Dixon's pencils in China. Certain Cased Pencils From the PRC, 78 Fed. Reg. 42,932 (Dep't Commerce July 18, 2013) (Final Results of Antidumping Duty Administrative Review and Determination to Revoke Order in Part; 2010-2011); Pl.'s Admin. Case Br. at 15. Therefore, in light of the evidence Shandong provided, Commerce may not presume standing. See Zenith, 18 CIT at 1149.[2]  Commerce failed to adequately address Shandong's argument in the I&D Memo. I&D Memo at 9.

_____

[2] In Zenith, the Court found that Commerce did not abuse its discretion by not conducting a wide-ranging investigation of Zenith's standing where Respondent produced a prior statement of intent to move assembly to Mexico (emphasis added). Zenith, 18 CIT at 1149-50. Unlike in Zenith, here, Shandong provided actual evidence that Dixon's affiliate produces pencils in China. Cf. id.

Commerce argues that its determination is supported by substantial evidence, because Dixon's CEO, Timothy Gomez, certified in writing that Dixon is a U.S. producer of pencils. Def.'s Opp'n at 8; Req. at 3.   Nevertheless, Commerce failed to explain how and why this certification trumps Shandong's argument to the contrary.   See Motor Vehicle Mfr. Ass'n of the U.S. v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 43 (1983) ("[t]he agency must examine the relevant data and articulate a satisfactory explanation for its action including a 'rational connection between the facts found and the choice made.'") (quoting Burlington Truck Lines Inc. v. United States, 371 U.S. 156, 168 (1962).

Dixon asserts that Commerce's standing determination was supported by substantial evidence, because the antidumping duty order on certain cased pencils from the PRC originates from a petition filed in November 1992 by Dixon in which it was held to be a U.S. producer; it has appeared in Sunset and Administrative Reviews; and it receives Continued Dumping and Subsidy Offset Act Disbursements. Def-Inter. Opp'n at 6-11.   Nevertheless, Dixon fails to appreciate that "an agency's discretionary order [must] be upheld, if at all, on the same basis articulated in the order by the agency itself." Burlington Truck Lines, Inc., 371 U.S. at 169.   Commerce articulated a different basis for its decision on

standing; therefore, the court cannot uphold Commerce's decision for the reasons proffered by Dixon.  See id.; I&D Memo at 9.[3]

      The court does not reach the issue of whether Shandong deserves a separate rate until the threshold issue of standing is resolved.

---

[3] "Department's Position: Dixon has certified that it is a domestic producer of pencils.  Rongxin's [Shandong's] assertion is unsupported by factual information.  Therefore, there is no evidence on the record that undermines or calls into question Dixon's certification. As a result, the Department finds no reason to revisit Dixon's interested party status and determines that Dixon is a domestic producer of pencils with standing to request an administrative review."

## ORDER

For the reasons stated above it is hereby,

**ORDERED** that this case is remanded to the Department of Commerce, International Trade Administration, for further explanation or reconsideration as may be appropriate. Commerce shall have until May 5, 2016, to file its remand results. The parties shall have until June 6, 2016, to file objections, and the government shall have until July 6, 2016, to file its response.

**SO ORDERED.**


                                        /s/ Nicholas Tsoucalas
                                        **Nicholas Tsoucalas**
                                          **Senior Judge**


**Dated: April 5, 2016**
       **New York, New York**